IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANNE WEDOW and KATHLEEN KLINE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 99-0293-CV-W-3 ) |
| CITY OF KANSAS CITY, MISSOURI, | ) ) |
| Defendant. | ) |

## ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY FEES

Pending is Plaintiffs' Motion for Attorneys' Fees (Doc. # 355). After considering all of the arguments presented by the parties, Plaintiff's motion is granted for the following reasons.

### I. BACKGROUND

Plaintiffs Kathleen Kline ("Kline") and Anne Wedow ("Wedow") filed suit against the City of Kansas City, Missouri ("the City"), alleging claims of disparate treatment, sexual harassment and retaliation pursuant to both Title VII and the Missouri Human Rights Act ("MHRA"). Their claims were severed for trail. The Kline trial began January 16, 2001, and lasted four days. The Wedow trial began January 7, 2002, and lasted four and one-half days. At their respective trails both Kline and Wedow prevailed. After Wedow's trial, she retired from the fire department, which rendered her claims for equitable relief moot. A hearing on Kline's request for equitable relief was held on September 2, 2004, and lasted less than two days. Therefore, an award of fees is appropriate pursuant to 42 U.S.C. § 1988(b). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make

an *initial* estimate of the value of a lawyer's services." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (emphasis in original).

In Part II, the Court will calculate the reasonable and compensable time spent on the case and multiply it by the reasonable hourly rate, thereby arriving at the lodestar as described in Hensley. In Part III, the Court will evaluate the degree of Plaintiffs' success.

## II. CALCULATING THE LODESTAR

Plaintiffs have calculated the lodestar as follows:

| Billing Individual | Per Hour Rate | Time | Total Fee |
|---|---|---|---|
| Karen Howard | $200 as attorney | 1,915.3 hours | $383,060.00 |
| Ann Robards | $200 as attorney | 169.6 hours | $33,920.00 |
| Gwen Caranchini | $200 as attorney | 132.75 hours | $26,550.00 |
|  | $100 as paralegal | 605.4 hours | $60,540.00[1] |
| Dolores Kliethermes | $70 as paralegal | 597.6 hours | $41,832.00 |
|  | **TOTAL REQUESTED:** |  | **$496,253.40**[2] |

Defendant's objections[3] to Plaintiffs' request and adjustments to the lodestar are discussed individually below.

---

[1] Attorney fees and paralegal fees are requested for Caranchini's time because Caranchini was disbarred by this Court on March 13, 1998. Afterwards, she continued working on this case as a paralegal.

[2] The total amount of attorneys' fees requested by Plaintiffs includes a ten percent voluntarily deduction on both cases. The ten percent deduction was not applied to the fees requested for Kline's equitable claims.

[3] Any of Defendant's objections that are not specifically addressed in the body of the Order are summarily denied.

2

## A. Rates

Howard, Robards and Caranchini seek $200 per hour for their time as attorneys. The affidavits submitted by Plaintiffs reflect that this rate is at the lower end of the market range. Plaintiffs also submitted the rates of Missouri's thirty largest law firms. *30 Largest Missouri Law Firms*, Missouri Lawyers Weekly, Apr. 30, 2001, at 22. The hourly rates of partners in the thirty largest firms range from to $110 to $355. Id. In comparison, Howard is and Caranchini was a solo practitioner. As a result, Howard and Caranchini did work that would have been completed from by a wide variety of attorneys in a large firm - from a first-year associate to a partner. Because a solo practitioner does a wide variety of work, some requiring less skill and experience, the Court will apply a "blended" rate of $175 per hour for the reasonable hours worked by Howard and Caranchini.

Robards devoted most of her time to reviewing Orders, drafts, motions, and other documents. Robards also second chaired at trial. Under these circumstances, the Court believes that her responsibilities differed vastly from Howard's and, therefore, does not justify her requested rate of $200 per hour. A rate of $135 per hour will be applied to her reasonable hours.

The Court believes an hourly rate of $70 per hour for paralegal work is appropriate and should apply to all paralegal work. Plaintiffs contend that Caranchini's prior legal experience as a lawyer justifies a higher paralegal rate. Significantly, Plaintiffs do not argue that the work done by Caranchini could not have been done as efficiently by a trained paralegal. The Court will not apply a higher hourly rate solely because Caranchini was previously licensed to practice law. Therefore, a rate of $70 per hour will be applied to the reasonable hours worked by both Kliethermes and Caranchini.

Plaintiffs seek paralegal fees for Kliethermes. Defendant argues that Kliethermes is a secretary, not a paralegal. Her job title is irrelevant because the critical question is whether the work she performed was secretarial or paralegal. The Court concludes that some, but not all, of Kliethermes' time is compensable. The Court finds that organizing a

litigation file, pulling documents in response to discovery requests, or preparing clients for depositions is not paralegal work. An independent review of Kliethermes' time sheets reveals, in the Court's judgment, 92.2 hours of time that should not be included in the fee request.

## B. Time

*(1) Hours spent by Caranchini in* Kline I

Plaintiffs seek attorney fees for 132.75 hours for discovery that Caranchini conducted in Kline I regarding the clothing and facilities issues, which were also addressed in this case. Defendant objects to this request because it believes Caranchini was has already been compensated for that time. Additionally, Defendant argues that Caranchini has not separated her time entries by issues; instead, she has requested fees associated with several depositions, which were utilized in Kline I but were seldom utilized for the clothing and facilities issues in this case. In Kline I, the Court included the facilities and clothing claims as "unsuccessful claims," and the overall fee was reduced for lack of success. However, the Court believes that Caranchini has already been compensated for the majority of this time. Caranchini's request for attorney fees is reduced to 25 hours.

*(2) Time spent on motions for continuances and extensions*

Defendant, relying on Steele v. Van Buren Public School District, 845 F.2d 1492 (8th Cir. 1988), argues that Plaintiffs are not entitled to compensation for the time spent on motions for continuances and extensions. The Court disagrees with Defendant and believes that time spent on motions for continuances and extensions are compensable. In addition, the amount of time spent on these motions was not excessive. Therefore, these hours will not be deducted.

4

*(3) Discovery on legal matters*

Defendant argues that Plaintiffs should not be awarded for fees for discovery addressing the defenses of collateral estoppel, res judicata and failure to exhaust administrative remedies because discovery was not necessary on these issues. However, Defendant does not object to any specific time entries in regard to these issues. Upon review of Plaintiffs' application, the Court finds that discovery was appropriate as was the time expended by the attorneys and the paralegal. Therefore, no adjustment to these hours will be made.

*(4) Travel time rate*

Defendant contends that the hourly rate should be reduced for travel time by twenty-five percent because it is unproductive time. Plaintiffs' fee submission contains time incurred for travel to the Court for the pretrial conference, City Hall to review documents and conduct depositions, mediation sessions and both trials. The Eighth Circuit has permitted recovery of the full hourly rate for attorney travel time. Rose Confections, Inc. v. Ambrosia Chocolate Co., 816 F.2d 381, 396 (8th Cir. 1987) (citing Craik v. Minn. St. Univ. Bd., 738 F.2d 348, 350 (8th Cir. 1984)). Therefore, the Court will not reduce the attorney hourly rate for travel time.

*(5) Time spent on fee application*

Plaintiffs seek compensation for 92.25[4] hours of work spent on this fee request, for a total (using the Court-approved hourly rates) of $9,119.25. Although an award of attorney fees for time spent preparing a fee request are allowed, "[a] request for attorney's fees should not result in a second major litigation." Hensley, 461 U.S. at 437.

---

[4] Of this sum, 25.35 hours represents attorney time, and the remainder (66.9 hours) constitutes paralegal time.

5

Most of the work involved in a fee request involves assembling the timekeepers' records and providing affidavits supporting the rates and the time reflected therein. The Court agrees that the time billed is excessive, and because there is no better way to remedy this problem, the Court will simply deduct fifty percent of the time spent on the fee request. This results in the removal of (1) 12.675 hours of attorney time, and (2) 32.45 hours of paralegal time.

*(6) Total time spent preparing case*

Plaintiffs seek an award of fees for more than 2,000 hours of attorney time and more 1,000 hours of paralegal time. As directed by <u>Hensley</u>, the Court must determine the number of hours reasonably expended on this litigation. 461 U.S. at 433. The Court has thoroughly reviewed the fee request and believes that the total number of billed hours is excessive in light of the nature of the litigation, the basis of the claims, and the time necessary for preparing for less than ten days of trial. It should not have taken more than an entire's year worth of work - assuming 2,080 hours in a typical work year - to prepare and try this case. Therefore, the Court reduces the number of hours, both attorney and paralegal, by forty percent.

### C. Adjusted Lodestar

After making the rate changes and deductions discussed above, the Court calculates the lodestar as follows:

| Billing Individual | Per Hour Rate | Time | Total Fee |
|---|---|---|---|
| Karen Howard | $175 as attorney | 1141.575 hours[5] | $199,775.62 |
| Ann Robards | $135 as attorney | 101.76 hours | $13,737.60 |
| Gwen Caranchini | $175 as attorney | 15.0 hours[6] | $2,625.00 |
| | $70 as paralegal | 363.24 hours | $25,426.80 |
| Dolores Kliethermes | $70 as paralegal | 283.77 hours[7] | $19,863.90 |
| | | **TOTAL:** | **$261,428.92** |

### III. ADJUSTMENT FOR DEGREE OF SUCCESS

Defendant contends that Plaintiffs should not be awarded attorney fees for matters upon which Plaintiffs did not succeed. "[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained." Farrar v. Hobby, 506 U.S. 103, 114 (1992). "This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." Hensley, 461 U.S. at 434. Hensley directed the Court to address two questions: (1) Did the plaintiff fail to prevail on claims that were unrelated to the claims on which she succeeded? (2) Did

---

[5] Howard's total attorney hours were first reduced by 12.675, as explained *supra*, prior to applying the forty percent reduction.

[6] The total attorney hours for Caranchini were first reduced to twenty-five hours, as explained in section II(B)(1), prior to taking the forty percent reduction.

[7] The Court first subtracted 124.65 hours (92.2 hours for secretarial duties and 32.45 hours for the fee application) before taking the forty percent reduction.

7

the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award? Id.

In the former situation, a proper practice is to simply subtract from the lodestar those fees that are associated with the unsuccessful claims. Id. at 440; Loggins v. Delo, 999 F.2d 364, 369 (8th Cir. 1993); Winter v. Cerro Gordo County Conservation Bd., 925 F.2d 1069, 1074 (8th Cir. 1991). In their application for attorney fees, Plaintiffs attempted to divide the attorney time by claims and subtracted those amounts of attorney time that purely dealt with the unsuccessful claims. However, many of the claims, successful and unsuccessful, were related in this case. Additionally, witnesses often possessed information that was related to more than one claim, making it impossible to categorically declare that his or her deposition related solely to a successful or unsuccessful claim.

In a case "where the plaintiff [has] achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Hensley, 461 U.S. at 440. "The district court may *either* attempt to identify and then eliminate the hours spent on non-compensable claims *or* may simply reduce the award to account for the plaintiff's limited success." H.J., Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991) (emphasis supplied); see also Parton v. GTE North, Inc., 971 F.2d 150, 156 (8th Cir. 1992); Catlett v. Mo. Hwy. & Transp. Comm'n, 828 F.2d 1260, 1270 (8th Cir. 1987). The former is not practical because many of time entries for which Plaintiffs seek an award of fees pertain to both successful and unsuccessful claims. Accordingly, the Court will reduce the award to account for Plaintiffs' degree of success. In doing so, the Court will not simply calculate the fee award by considering the percentage of claims won, or the percentage of money actually awarded.

Plaintiffs' Second Amended Complaint asserted twelve claims - six for each Plaintiff. The Court dismissed without prejudice Plaintiffs' six claims under the Missouri Human Rights Act. The Court granted Defendant summary Judgment on Plaintiffs' claims of sexual harassment. Prior to trial, Plaintiffs withdrew their claims of hostile work environment on the theories of clothing and facilities. The claims remaining for trial were

(1) both Plaintiffs' claims of discrimination in the denial of facilities and equipment/clothing; (2) both Plaintiffs' remaining hostile work environment claims; (3) Wedow's claims that she was discriminatorily denied the Public Information Officer position, pay adjustments in connection with the Research and Planning position, and opportunities to work as the Safety Officer; (4) Wedow's claim that she was subjected to retaliation when she was denied the Public Information Officer position, pay adjustments in connection with the Research and Planning position, and opportunities to work as the Safety Officer, shift advisor, EMS Officer or HAZMAT Officer; and (5) Kline's claim that she was subjected to retaliation when she was denied opportunities to work out of class or serve as the pubic information officer, HAZMAT Officer, EMS Officer or Safety Officer. Kline prevailed on all but one of her claims presented to the jury, and Wedow prevailed on both her claims of sexual harassment and three of her retaliation claims. As for equitable relief, the Court granted Kline relief with regard to her clothing claim.

Given the nature and extent of Plaintiffs' success, the factual circumstances of this case and Plaintiffs concerted effort to segregate the attorney fees on the basis of successful versus unsuccessful claims, the Court awards Plaintiffs 90% of the adjusted lodestar, for a total award of $235,286.03.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Attorneys' Fees is granted, and Plaintiffs are awarded attorney fees in amount of $235,286.03.

IT IS SO ORDERED.

DATE: February 12, 2004 /s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT